The ELIZABETH TAYLOR COSMETICS COMPANY and Chesebrough–Ponds, Inc., Plaintiffs,

v.

ANNICK GOUTAL, S.A.R.L. and Annick Goutal, Inc., Defendants.

No. 87 Civ. 4978 (RWS).

United States District Court, S.D. New York.

Dec. 22, 1987.

Pennie & Edmonds, New York City (Berj A. Terzian and William G. Pecau, of counsel), for plaintiffs.

Stecher Jaglom & Prutzman, New York City L. Donald Prutzman (Paul F. Kilmer and Lisa Mariorenzi-Musco, Mason, Fenwick & Lawrence, Washington, D.C., of counsel), for defendants.

## MEMORANDUM OPINION

SWEET, District Judge.

Plaintiffs, the Elizabeth Taylor Cosmetics Company and Chesebrough–Ponds, Inc. (collectively "Taylor") and defendants Annick Goutal S.A.R.L. and Annick Goutal, Inc. (collectively "Goutal") are before this court to settle a judgment pursuant to a decision rendered November 18, 1987. In that decision, this court held that Taylor, in marketing its perfume named "Elizabeth Taylor's Passion," had infringed upon and unfairly competed against the Goutal "Passion" mark.

In exercising its authority to enter limited injunctive relief as warranted by the situation, *Spring Mills v. Ultracashmere House Ltd.*, 724 F.2d 352 (2d Cir.1983), this court ruled that Taylor would be enjoined from marketing its fragrance in so-called "first-tier" stores where confusion between the two marks would be greatest.

On December 8, 1987, a hearing was held to determine the breadth of the injunction —that is, what stores make up the first-tier. After hearing the testimony of plaintiffs' expert, the "first-tier" designation was shown to be without industry significance as opposed to distinguishing stores on the basis of "class to the class" as opposed to "class to the mass," that is, exclusive specialty stores as distinguished from up-scale, multi-branched department stores. Based on this distinction, the injunction will apply to the following fifty-five stores (those in which Goutal products are now sold are indicated by an asterisk):

The Addis Co. (Syracuse, NY)
Anastasia *
Balliets (OK City, Ok)
Barbara Jeans (Ak)
Barney's
Beautiful People (Fl)
Ben Clemens (Lincoln, Ne)
Bergdorf Goodman *
Bullocks/Wilshire
Byck's
Charles Sumner (Boston, Ma)
Corrigan's
DeJongs (In)
D. H. Holmes
Dolly K. Designs *
Frost Bros. (Tx.) *
Garfinckel's (Washington, D.C.)
Gidding Jenny
The Globe (Pa)
Gumps
Harold's (Mn)
Henri Bendel
Hornes (Pittsburgh, Pa)
I. Magnin *
Ivey's (NC)
Jenns (NY)
Kassab's (Joplin, Mo)
La Perfumerie (Baltimore, Md)
Leigh's
Lewin's (Witchita, Ks)
Lina Lee
Louis (Boston, Ma)
Luettgen's Ltd.
Maas Bros.
Maison Blanche/Goudchaux (La)
Mansour's (La Grange, Ga)
Margie Roth (Sylvania, Oh) *
May D 'N F Co. (Denver, Co)
Miss Jackson's (Tulsa, Ok)
Nan Duskin (Pa)
Newman's (Joplin, Mo)
Nordstrom *
Porteus Mitchell
Razook's (Greenwich, Ct)
Renberg's (Ok)
Robeson's
Rosenberg's (Albany, Ga)
Rothchild's (Ok City, Ok)
Saks Fifth Avenue (Manhattan, NY)
Sibley's (Rochester, NY)
Slavick's
Spainhour's (Hickory, NC)
Stanley Korshak
The Union (Columbus, Oh)
Tres Mariposa

**146**

Additionally, the injunction was held initially to be enforceable for three months in those stores in which Goutal's Passion has not yet been sold unless Goutal, within that period, concludes a distributorship agreement with the outlet in question.

Goutal has contested this time limitation on its right to enforce its right to enjoin Taylor's infringement, maintaining that a three month time limit on the injunction defeats the purpose of the finding that it was entitled to trademark protection. According to Goutal's hypothesis, since Taylor's product can generate bigger profits for a given store, the store will just wait out the three months selling neither product and will then sell either Elizabeth Taylor's Passion alone or that product and Goutal's Passion. It thus requests a five year, or an indefinite injunction.

Taylor has submitted a letter from counsel outlining the anticipated loss of business which would result from the judgment as proposed. Obviously, the greater the period of preclusion, the greater the loss to Taylor.

As noted above, a court has the power to fashion injunctive relief so as to fit the exigencies of the situation at hand. *Spring Mills, supra.* This court found that confusion between the two marks was likely at the now dubbed "class to the class" level. It thus formed a remedy to protect Goutal's product from unfair competition in its relevant market.

However, the purpose underlying the Lanham Act, it must be recalled, is just that—protection from unfair competition. The remedy this court offers Goutal is a limited time to sell its product with no competition from Taylor whatsoever and thereby to bar Taylor from entering that store. However, Taylor will not be enjoined totally from using the Passion mark for the reasons stated in the November 18 opinion, and some form of competition between the products will survive. If Goutal's request were granted, it could prevent Taylor from entering an outlet which had no intention to sell Goutal's Passion. There is nothing fair about preventing an existing product from being marketed in an area where no trademark competition exists.

Goutal contends that three months is not adequate time to conclude a sales agreement with a given store. It claims that six to nine months of negotiations are often necessary before a relationship is established. Because of the currently limited distribution of Goutal products, six months is a reasonable period.

For the foregoing reasons, Taylor is enjoined from marketing its Passion products in the stores listed above for a six months period and thereafter as to any stores with which Goutal has reached an agreement to sell its products. Taylor may fill orders received before the date of the judgment.

Judgment will be entered forthwith.

IT IS SO ORDERED.